# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 12-268V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| PERCELL LIVINGSTON, Father and | \* |
| Natural Guardian of D.L., a minor, | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \* |
| | \* |
| SECRETARY OF HEALTH AND | \* |
| HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed:  July 11, 2014

Petitioner's Motion for a Decision;
Dismissing the Petition for
Insufficient Proof of Causation;
Vaccine Act Entitlement; Denial
Without Hearing

*Clifford J. Shoemaker*, Shoemaker and Associates, Vienna, VA, for Petitioner

*Traci R. Patton*, U.S. Dep't of Justice, Washington, DC, for Respondent

### DECISION[1]

On April 23, 2012, Percell Livingston filed a petition on behalf of his minor child D.L. for Vaccine Compensation in the National Vaccine Injury Compensation Program[2] alleging that

---

[1]  Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) permits each party 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

the RotaTeq vaccine D.L. received on March 10, 2011 caused D.L. to suffer Kawasaki's Disease.[3]

After gathering all of his relevant medical records, and after receiving Respondent's Rule 4(c) report, Petitioner has now filed an unopposed motion on July 10, 2014 seeking a decision dismissing his petition, on the grounds that "an investigation of the facts and science supporting [his claim] has demonstrated to the Petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program."

To receive compensation under the Program, Mr. Livingston must prove either 1) that D.L. suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to one of D.L.'s vaccinations, or 2) that D.L. suffered an injury that was actually caused by a vaccine. *See* §§13(a)(1)(A) and 11(c)(1). An examination of the record, however, did not uncover any evidence that D.L. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that D.L.'s alleged injury was vaccine-caused.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's naked assertions. Rather, the petition must be supported by either medical records or by the opinion of a competent expert. §13(a)(1). In this case, there is insufficient evidence in the record for Mr. Livingston to meet his burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**This case is hereby dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] This information is derived from the April 15, 2013 Amended Petition filed after Petitioner retained counsel. Petitioner's original Petition consisted of some of D.L.'s medical records and information on Kawasaki's disease but did not state a specific claim upon which relief could be granted. The special master previously assigned to this case allowed the matter to proceed forward on the grounds that these errors were correctible.